UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS R. SNELLING,

        Plaintiff,                  Case No. 1:16-cv-656

v.                                       Honorable Janet T. Neff

W.O. SMITH et al.,

        Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. §§ 1983 and 1985. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Smith, Shiebner, Christiansen, Sanchez, Miniard, Lewis, Thurlby, Powell, Hammond, Lemke, Salamey, Petercyzk, Dunn, Downing, Watkins, Kotowicz, Martens, Hall, Howard, Bledsoe, Salina, Thomas, Doolittle, Zukon, Lewis, Duitsman, Karber,

Farrell, Daugherty, Trierweiler, Davids, McCauley, and Mote. The Court will serve the complaint against Defendants Leitheim, Jensen, Conner, and Strambaugh.

## Discussion

I. <u>Factual allegations</u>

Plaintiff is currently incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF). Prior to Plaintiff's detention at ICF, he was housed at the Bellamy Creek Correctional Facility (IBC). Plaintiff sues four Defendants from IBC: Warden T. Trierweiler; Deputy Wardens J. Davids and (unknown) McCauley; and Resident Unit Manager Mote. The remaining Defendants are MDOC employees at ICF: Warden W. O. Smith; Deputy Wardens (unknown) Shiebner and J. Christiansen; Inspector (unknown) Sanchez; Resident Unit Manager G. Miniard; Assistant Residential Unit Supervisors L. Thurlby and H. Powell; Grievance Coordinator C. Lewis; Lieutenant D. Howard; Sergeants (unknown) Leitheim, (unknown) Bledsoe, and (unknown) Salina; Registered Nurses (unknown) Thomas and (unknown) Doolittle; Librarian P. Zukon; Account Technician S. Lewis; Food Service Director (unknown) Daugherty; mailroom personnel (unknown) Duitsman, (unknown) Karber, and (unknown) Farrell; property room officers (unknown) Hammond and L. Lemke; Unit 3 Officers (unknown) Salamey, (unknown) Petercyzk, P. Jensen, J. Downing, and (unknown) Hall; Unit 4 Officer (unknown) Dunn; and Unit 1 Officers (unknown) Strambaugh, (unknown) Conner, (unknown) Watkins, (unknown) Kotowicz, and (unknown) Martens. Each Defendant is sued in his or her official and personal capacity. Plaintiff's complaint also mentions M. Robinson from IBC and Richard Russell who is not identified by title or work location.

Plaintiff's complaint purports to raise three claims: Count I, retaliation for Plaintiff's exercise of his constitutional rights; Count II, excessive force; and Count III, conspiracy. Plaintiff's Statement of Claim (ECF No. 1, PageID.6) contains only conclusory allegations of the elements of each claim without specifying the underlying factual detail or identifying what claims are raised against which Defendant. That deficiency is addressed to a certain extent on one page of Plaintiff's complaint where he lists each Defendant by last name and includes a two to five word phrase that explains each Defendant's "Personal Involvement." (ECF No. 1, PageID.5.) Plaintiff provides some additional detail in his Memorandum of Support for Plaintiff's Complaint (ECF No. 2). Most of the Defendants, however, get no more notice of the claims against them than the cryptic phrase offered on page 5 of Plaintiff's complaint.

Plaintiff's complaint covers the period beginning in November of 2015 through May of 2016. Plaintiff was detained at IBC at the beginning of the period. He contends that Defendants Trierweiler and Davids increased Plaintiff's security level in retaliation for Plaintiff's lawsuits against IBC staff. That allegedly retaliatory action resulted in Plaintiff's transfer to ICF.

When Plaintiff arrived at ICF he claims he was subjected to inappropriate conditions of confinement, all in retaliation for the lawsuits and grievances he had filed. Specifically, Plaintiff contends he was placed in administrative segregation without hearing or justification; he was placed in a dirty cell; his property was withheld, broken or simply stolen; he was denied store privileges, shower privileges, a mattress, and appropriate food (he was denied meals, placed on food loaf, and provided different food than that given to prisoners at Level II); he was not permitted to send legal mail or access the law library; he was branded a snitch and put in jeopardy of harm from other prisoners; he was refused protective custody; denied medication; and denied access to religious

services. Plaintiff contends that all of these "adverse actions" were in retaliation for his lawsuits and grievances against the Defendants or other MDOC personnel. Plaintiff specifically mentions Defendants Trierweiler, Davids, Christiansen, Hammond, Lemke, Powell, and Jensen. Plaintiff also lists the word "retaliation" in the "personal involvement" listing with respect to Defendants Trierweiler, Davids, Mote, Shiebner, Christiansen, Miniard, Thurlby, Powell, Watkins, Kotowicz, and Martens. Plaintiff's "personal involvement" listing might also be construed to implicate Defendants Hammond, Lemke, Salamey, Petercyzk, Zukon, Duitsman, Karber, Farrell, and Daugherty in the retaliation.

Plaintiff also claims he was subjected to excessive force. Plaintiff notes that he was sprayed with a chemical agent without cause on April 27, 2016, by Defendant Leitheim. Plaintiff further claims that "staff" participated in the spraying and subsequent physical abuse, but he does not identify the staff members involved.

Plaintiff complains that he was also subjected to excessive force on November 10, 2015, by Defendant Jensen. Plaintiff claims that Defendant Jensen, while removing Plaintiff's handcuffs through the food slot, forcefully ripped them off causing injury. Plaintiff alleges that Defendant Downing was present, but does not allege that Defendant Downing used excessive force.

Plaintiff claims he suffered similar injuries on November 25, 2015. On that date, while removing Plaintiff's handcuffs through the food slot, Defendant Conner pulled Plaintiff's hands directly through the slot and Defendant Strambaugh forcefully bent Plaintiff's hands and wrists upward.

Finally, Plaintiff claims that several Defendants conspired to fabricate misconduct charges against him. Plaintiff specifically mentions Defendants Conner, Strambaugh, Bledsoe,

Jensen, Downing, Dunn, and an unnamed nurse. On the "personal involvement" page Plaintiff lists conspiracy after the names of Defendants Shiebner, Christiansen, Miniard, Leitheim, Dunn, Jensen, Downing, Strambaugh, Conner, Bledsoe, Salina, Howard, Thomas, Doolittle, Duitsman, Karber, and Farrell.

        II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility

standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. First Amendment retaliation

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.*

There is little question that Plaintiff was engaged in protected conduct. The filing of a prison grievance is constitutionally protected conduct for which a prisoner cannot be subjected to retaliation. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001); *Hall v. Nusholtz*, No. 99-2442, 2000 WL 1679458, at *2 (6th Cir. Nov. 1, 2000); *Burton v. Rowley*, No. 00-1144, 2000 WL 1679463, at *2 (6th Cir. Nov. 1, 2000). The same is true for the filing of a civil rights action. *Bell v. Johnson*, 308 F.3d 594, 607 (6th Cir. 2002).

It is certainly possible that the unpleasant conditions of confinement allegedly forced upon him by the Defendants would be sufficiently adverse to deter a person from exercising his or her First Amendment rights. On the third element, however, Plaintiff's allegations fall short.

Plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See* Smith, 250 F.3d at 1037 (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987); *Vega v. DeRobertis*, 598 F. Supp. 501, 506 (C.D. Ill. 1984), *aff'd*, 774 F.2d 1167 (7th Cir. 1985). "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)); *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Skinner v. Bolden*, 89 F. App'x 579, 579-80 (6th Cir. 2004) (without more, conclusory allegations of temporal proximity are not sufficient to show a retaliatory motive).

Plaintiff merely alleges the ultimate fact of retaliation in this action. He has not presented any facts to support his conclusion that any Defendants acted with a purpose of retaliating against him because he filed grievances or lawsuits against other MDOC employees. Accordingly, his conclusory allegations of retaliatory motive fail to state a claim.

### B. Eighth Amendment excessive force

The Eighth Amendment prohibits the imposition of "cruel and unusual punishments" upon prisoners. U.S. CONST. amend. VIII. But not every shove or restraint gives rise to a constitutional violation. *Parrish v. Johnson*, 800 F.2d 600, 604 (6th Cir. 1986). On occasion, "[t]he maintenance of prison security and discipline may require that inmates be subjected to physical contact actionable as assault under common law." *Combs*, 315 F.3d at 556 (citing *Pelfrey v. Chambers*, 43 F.3d 1034, 1037 (6th Cir. 1995)). Prison officials nonetheless violate the Eighth Amendment when their "offending conduct reflects an unnecessary and wanton infliction of pain." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks omitted); *Bailey v. Golladay*, 421 F. App. 579, 582 (6th Cir. 2011).

There is an objective component and a subjective component to an Eighth Amendment claim. *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013) (citing *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001)). First, "[t]he subjective component focuses on the state of mind of the prison officials." *Williams*, 631 F.3d at 383. We ask "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Second, "[t]he objective component requires the pain inflicted to be 'sufficiently serious.'" *Williams*, 631 F.3d at 383 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). This component requires a "contextual" investigation, one that is "responsive to 'contemporary standards of decency.'" *Hudson*, 503 U.S. at 8, (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). While the extent of a prisoner's injury may help determine the amount of force used by the prison official, it is not dispositive of whether an Eighth Amendment violation has occurred. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). "When prison officials

maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . [w]hether or not significant injury is evident." *Hudson*, 503 U.S. at 9. "Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." *Id.*

Plaintiff alleges that Defendants Leitheim, Jensen, Downing, Conner and Strambaugh used excessive force against him. His allegations regarding Defendant Downing fail with respect to the November 10, 2015 incident. There are simply no facts alleged that Defendant Downing took any action to cause Plaintiff pain. Plaintiff attributes the entire physical assault to Defendant Jensen.

A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendant Downing engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against him. Plaintiff's Eighth Amendment allegations with respect to Defendants Leitheim, Jensen, Conner and Strambaugh, however, suffice to state a claim and will be served.

### C. Conspiracy

Plaintiff alleges that Defendants conspired under 42 U.S.C. §§ 1983 and 1985. A civil conspiracy under § 1983 is "an agreement between two or more persons to injure another by unlawful action." *See Hensley v. Gassman*, 693 F.3d 681, 695 (6th Cir. 2012) (quoting *Hooks v.*

*Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985)).  The plaintiff must show the existence of a single plan, that the alleged coconspirator shared in the general conspiratorial objective to deprive the plaintiff of a federal right, and that an overt action committed in furtherance of the conspiracy caused an injury to the plaintiff.  *Id.*; *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011).

Similarly, to state a claim for conspiracy under § 1985, a plaintiff must allege facts showing that (1) two or more persons conspired (2) for the purpose of depriving the plaintiff of the equal protection of the laws and (3) that the conspirators committed an overt act (4) that injured the plaintiff.  *See Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 314 (6th Cir. 2005); *Smith v. Thornburg*, 136 F.3d 1070, 1078 (6th Cir. 1998) (citing *Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839 (6th Cir. 1994)).  The § 1985 plaintiff also must demonstrate that the conspiracy was motivated by a class based animus, such as race. *See Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971); *Maki v. Laakko*, 88 F.3d 361, 367 (6th Cir. 1996), *cert. denied*, 1996 WL 723535 (1997); *Radvansky*, 395 F.3d at 314; *Johnson*, 40 F.3d at 839; *Collyer v. Darling*, 98 F.3d 211, 233 (6th Cir. 1996).

Under both § 1983 and § 1985, a plaintiff must plead with particularity, as vague and conclusory allegations unsupported by material facts are insufficient to state a claim. *Twombly*, 550 U.S. at 565 (recognizing that allegations of conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy," not merely a "possible" one); *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008); *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987);  *Smith v. Rose*, 760 F.2d 102,106 (6th Cir. 1985); *Pukyrys v. Olson*, No. 95-1778, 1996 WL 636140, at *1 (6th Cir. Oct. 30, 1996).

Plaintiff fails to make factual allegations sufficient to support a conspiracy claim under 42 U.S.C. §1985(3). He does not allege the requisite class based animus.

Moreover, Plaintiff fails to allege the collusion or agreement required under both § 1983 and § 1985. It is well established that vague and conclusory allegations of conspiracy unsupported by material facts are insufficient to state a claim. *See Gutierrez*, 826 F.2d at 1538; *see also Hartsfield v. Mayer*, No. 95-1411, 1996 WL 43541, at *3 (6th Cir. Feb. 1, 1996); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. March 28, 1994).

Plaintiff's allegations of conspiracy are inherently conclusory and speculative. His allegations, even viewed in the light most favorable to Plaintiff, describe a number of discrete facts that occurred over a period of time involving numerous individual Defendants. Plaintiff has provided no allegations establishing a link between the alleged conspirators or any agreement between them. He relies entirely on a highly attenuated inference from the mere fact that he has been disciplined by or subjected to objectionable treatment by a variety of prison officials in various circumstances with which he disagreed. As the Supreme Court has held, such allegations, while hinting at a "possibility" of conspiracy, do not contain "enough factual matter (taken as true) to suggest that an agreement was made." *Twombly*, 550 U.S. at 556. Instead, the Court has recognized that although parallel conduct may be consistent with an unlawful agreement, it is insufficient to state a claim where that conduct "was not only compatible with, but indeed was more likely explained by, lawful, unchoreographed . . . behavior." *Iqbal*, 556 U.S. at 680. In light of the far more likely possibility that the various incidents occurring over the first few months of Plaintiff's incarceration at ICF were unrelated, Plaintiff fails to state a plausible claim of conspiracy under either statutory section.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Smith, Shiebner, Christiansen, Sanchez, Miniard, Lewis, Thurlby, Powell, Hammond, Lemke, Salamey, Petercyzk, Dunn, Downing, Watkins, Kotowicz, Martens, Hall, Howard, Bledsoe, Salina, Thomas, Doolittle, Zukon, Lewis, Duitsman, Karber, Farrell, Daugherty, Trierweiler, Davids, McCauley, and Mote will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court will serve the complaint against Defendants Leitheim, Jensen, Conner, and Strambaugh.

An Order consistent with this Opinion will be entered.


Dated:  __July 18, 2016__              /s/ Janet T. Neff
                                       Janet T. Neff
                                       United States District Judge